**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BOOMERANG TUBE, INC., et al., | ) | Case No. 15-11247 |
| | ) | |
| Debtors | ) | Jointly Administered |
| | ) | |
| _____ | ) | |

<u>**OPINION**</u>[1]

Before the Court are the Objections of the United States Trustee (the "UST") to the Applications of Brown Rudnick LLP, and Morris, Nichols, Arsht & Tunnel LLP ("Committee Counsel") as counsel to the Official Committee of Unsecured Creditors (the "Committee") of Boomerang Tube, LLC (the "Debtor") because they include a provision indemnifying them for expenses incurred in any successful defense of their fees. For the reasons stated below, the Court will sustain the UST's objection.

I.   <u>BACKGROUND</u>

On June 9, 2015, the Debtor and its affiliates filed chapter 11 petitions. The UST appointed the Committee, which thereafter retained counsel. Committee Counsel each seek approval under section 328(a) of a provision in their retention applications entitling them to compensation from the Debtors' estates (subject

_____

[1]  This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, which is made applicable to contested matters by Rule 9014 of the Federal Rules of Bankruptcy Procedure.

to approval by the Court pursuant to sections 330 and 331) for
any fees, costs or expenses, arising from the successful defense
of their fees.

The UST objected to the inclusion of the fee defense
provisions in the retention applications.[2]  The UST contends that
the provision is precluded by the recent Supreme Court holding in
ASARCO.  See Baker Botts L.L.P. v. ASARCO LLC, 135 S. Ct. 2158,
2169 (2015).  The UST also argues that the fee defense provisions
should not be approved because such fees are outside the scope of
employment and are unreasonable.

The Court heard argument and ordered supplemental briefings
on the issue at the hearing held on August 11, 2015.  The matter
is now ripe for decision.


II.  JURISDICTION

The Court has jurisdiction over this contested matter.
28 U.S.C. §§ 1334 & 157(b)(1).


III. DISCUSSION

The UST advances three arguments in its objection: (1) the
Supreme Court decision in ASARCO directly bars the fee defense
provisions; (2) section 328(a) creates no exception to the

---

[2]  The retention applications have been approved without the
fee defense provision, pending ruling by the Court on the UST's
objection to that provision.

American Rule's general prohibition against fee shifting; and (3) the fee defense provisions cannot be approved under section 328(a) because they are unreasonable and seek to compensate professionals for work not within the scope of their employment.

A.    The ASARCO Decision

The UST argues that the fee defense provisions are barred by the Supreme Court's decision in ASARCO.  In ASARCO, the Supreme Court affirmed the Fifth Circuit's denial of fees to debtor's counsel for defending its fees from objections raised by the debtor.  The Supreme Court stated that the "basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule: Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."  ASARCO, 135 S. Ct. at 2164 (quoting Hardt v. Reliance Std. Life Ins. Co., 560 U.S. 242, 252-53 (2010)).  The Court held that any statutory departures from the American Rule must be "specific and explicit" and must "authorize the award of 'a reasonable attorney's fee,' 'fees,' or 'litigation costs,' and usually refer to a 'prevailing party' in the context of an 'adversarial action.'"  Id. at 2164.

Applying this two-part test, the Supreme Court ruled that Congress did not depart from the American Rule in section 330(a) of the Bankruptcy Code.  Id.  Rather, that section only allows a court to award "reasonable compensation for actual, necessary

3

services rendered." _Id._ at 2165.  The Supreme Court found that that phrase "neither specifically nor explicitly authorizes courts to shift the costs of adversarial litigation from one side to the other - in this case, from the attorneys seeking fees to the administrator of the estate - as most statutes that displace the American Rule do." _Id._  As a result, the Court held that the fees incurred in defending the firm's fee application were not compensable from the estate.  _Id._ at 2169.

The UST argues that _ASARCO_ is binding precedent which mandates that the Court deny the fee defense provisions in Committee Counsel's retention applications.

The Committee responds that _ASARCO_ does not prohibit the fee defense provisions because in that case the Supreme Court found only that _section 330(a)_ of the Bankruptcy Code did not contain an express statutory exception to the American Rule.  _Id._ at 2164.  In this case, the Committee is seeking approval of the fee defense provisions under _section 328(a)_ not section 330.  Therefore, the Committee argues that _ASARCO_ is not applicable binding precedent.

The UST disagrees, contending that the Committee's professionals - though retained under section 328 - can only be compensated under section 330.  Therefore, the UST argues that _ASARCO_ is directly on point: section 330 is not a statutory

exception to the American Rule that attorneys' fees for defending a fee application cannot be paid by the estate.

The Committee acknowledges that its professionals get paid under section 330 but note that section 328 is an express exception to section 330[3] and that section 328 allows compensation to professionals (if approved in advance by the court) that would otherwise not be available under section 330 (such as fixed fees, contingent fees, etc.).  The Committee, therefore, contends that the Court has the authority under section 328 to approve the fee defense provisions.

The Court concludes that although section 328 is an exception to section 330, it, like section 330, is not a "specific and explicit" statute which "authorize[s] the award of 'a reasonable attorney's fee,' 'fees,' or 'litigation costs,'" that "refer[s] to a 'prevailing party' in the context of an 'adversarial action.'"  ASARCO, 135 S. Ct. at 2164.  Section 328 merely provides that, with court approval, a professional may be employed "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  The text does not refer to the award of defense fees to a prevailing party.  Therefore, the Court concludes that section

---

[3]  Section 330 provides that "subject to sections . . . 328 . . ., the court may award to [professionals] . . . reasonable compensation for actual, necessary services rendered by the [professional]."  11 U.S.C. § 330(a).

328 does not provide a statutory exception to the American Rule and cannot provide authority for approval of the fee defense provisions.

The Court finds it significant that Congress did provide in several sections of the Bankruptcy Code the express language necessary to create an exception to the American Rule. See, e.g., 11 U.S.C. § 110(i)(1)(C) (providing that court shall order a petition preparer to pay reasonable attorneys' fees and costs to the debtor if the petition preparer violates that section); 11 U.S.C. § 303(i)(1)(B) (providing that court may order unsuccessful involuntary petition filers to pay reasonable attorneys's fees to the alleged debtor); 11 U.S.C. § 362(k)(1) (providing that court may order creditor who violates the automatic stay to pay debtor actual damages, including costs and attorneys' fees); 11 U.S.C. § 526(c)(2) (providing that a debt relief agency which violates the statute shall be liable for reasonable attorneys' fees and costs); 11 U.S.C. § 707(b)(4)(A) (providing that the court may order that the trustee's attorneys' fees and costs for successful prosecution of a motion to dismiss be paid by an attorney who files a petition in violation of Rule 11); 11 U.S.C. § 707(b)(5)(A) (authorizing the award of costs and attorneys' fees to a debtor who successfully defeats a motion to dismiss filed by a party in interest other than the trustee or UST).

Neither section 330 nor section 328 contain similar express language awarding attorneys' fees for successful prosecution of a defense to a fee objection.  Therefore, the Court concludes that section 328, like section 330, does not provide an exception to the American Rule and cannot support the fee defense provisions at issue under the Supreme Court's ruling in <u>ASARCO</u>.

B.    <u>Contract Exception to the American Rule</u>

The Committee argues that the Supreme Court in <u>ASARCO</u> did not rule that section 330 (or any other provision of the Bankruptcy Code) <u>prohibited</u> the allowance of defense fees. Rather, the Supreme Court merely held that section 330 did not contain a specific or explicit exception to the American Rule authorizing their payment.  <u>ASARCO</u>, 135 S. Ct. at 2169 ("Section 330(a)(1) itself does not authorize the award of fees for defending a fee application, and that is the end of the matter.").  The Committee further argues that the Supreme Court in <u>ASARCO</u> acknowledged that, in addition to a statutory exception to the American Rule, there could be an exception by contract. <u>ASARCO</u>, 135 S. Ct. at 2164 ("Each litigant pays his own attorney's fees, win or lose, unless a statute <u>or contract</u> provides otherwise.") (emphasis added) (citing <u>Hardt v. Reliance Std. Life Ins. Co.</u>, 560 U.S. 242, 252-53 (2010)).

The UST responds that the parties' consent cannot override the statute.  It argues that if the <u>ASARCO</u> prohibition on

7

allowance of defense fees could be overridden by consent, other
Code provisions relating to compensation could as well -
including prohibitions on compensation for unnecessary or
duplicative services or fee-splitting.  11 U.S.C. §§ 330(a)4) &
504.

     The Court agrees with the Committee that the Supreme Court
in ASARCO did not hold that section 330 prohibits the allowance
of defense fees and merely held that it did not expressly
authorize them.  The application of that holding to section 328
is the same: that section does not prohibit defense fees, it
simply does not expressly authorize them.  Therefore, the Court
agrees with the Committee's argument that the contract exception
to the American Rule is not precluded by the ruling in ASARCO.
The Court nonetheless agrees with the UST's assertion that the
parties cannot, by contract, violate another provision of the
Code.  Therefore, although the Committee is correct that the
ASARCO Court did acknowledge a contractual exception to the
American Rule, any such contract has to be consistent with the
other provisions of the Bankruptcy Code.

     1.   Are the retention agreements contracts?

     The Committee contends that the retention agreements with
Committee Counsel are contracts.  See, e.g., In re ASARCO, LLC,
702 F.3d 250, 268 (5th Cir. 2012) ("In disputes governed by §
328(a), the contractual arrangement is supreme, and we shall

enforce the <u>contract</u> as written.") (emphasis added); <u>In re Nat'l</u> <u>Gypsum Co.</u>, 123 F.3d 861, 863 (5th Cir. 1997) ("Courts must protect [§ 328(a)] <u>agreements</u> and expectations, once found to be acceptable.") (emphasis added); <u>U.S. Trustee v. Newmark Retail</u> <u>Fin. Advisors LLC (In re Joan & David Helpern, Inc.)</u>, No. 00 CIV. 3601 (JSM), 2000 WL 1800690, at *1 (S.D.N.Y. Dec. 6, 2000) (affirming bankruptcy court approval of indemnification provision in financial advisor's professional services contract under section 328(a) because they are not <u>per se</u> unreasonable); <u>In re</u> <u>Merced Falls Ranch, LLC</u>, Bankr. No. , 2012 WL 8255520, at *4 (Bankr. E.D. Cal. Oct. 16, 2012) ("Once § 328(a) is invoked, the bankruptcy court has limited discretion to vary the <u>contractual</u> terms of that employment.") (emphasis added). <u>But see</u> <u>In re</u> <u>United Artists Theatre Co.</u>, 315 F.3d 217, 234 (3d Cir. 2003) (approving indemnification agreement of financial advisor with modifications eliminating indemnification for gross negligence or breach of contract).

The UST argues that the contract exception is not available because professionals' employment and compensation rights in bankruptcy are not bestowed by "contract." Instead, they are created by statute. Under the Bankruptcy Code, any employment agreement must be filed with and approved by the Court. 11 U.S.C. §§ 327, 328 & 1103. Regardless of how it is named, the UST contends that a professional's retention application is a

request of a judge, acting within the constraints of the
Bankruptcy Code, to approve their terms of employment.  The order
so approving the employment is a Court Order not a contract
between two parties.  Cf. Restatement (Second) of Contracts 9
(1981) (defining a contract as an agreement between two parties,
a promisor and a promisee).  Further, the UST notes that the
scope of the permissible terms of employment is governed by the
Bankruptcy Code, not the parties' agreement.  See, e.g., In re
Fed. Mogul-Global, Inc., 348 F.3d 390, 397-98 (3d Cir. 2003)
(holding that bankruptcy court could approve professional's
employment on terms and conditions different from those proposed
by the committee that the court found were necessary to satisfy
the requirement of reasonableness under section 328(a)).

    The Court agrees with the Committee that the retention
agreement is a contract.  However, it is not a bi-lateral one;
rather, it is subject to objection by other parties and is
ultimately subject to approval (and modification) by the Court.
See, e.g., Fed. Mogul-Global, 348 F.3d at 397-98; United Artists,
315 F.3d at 234.

        2.    Is the contract an exception to the American Rule?

    It is not enough, however, that the retention agreements be
contracts, however.  They must be contractual exceptions to the
American Rule.  The UST argues that they are not exceptions to
the American Rule because they are not agreements by two parties

10

that in the event of litigation between them, the loser will pay
the winner's legal costs.  In this case, the UST notes that the
agreement is a one-way street: Committee Counsel seeks a ruling
that the estate is liable for their legal fees but make no
similar commitment to the estate.  The UST argues that the
Committee cannot by contract require a third party (the estate)
to pay their legal fees in the event of litigation by someone
else.  See, e.g., Motorsport Eng'g, Inc. v. Maserati SPA, 316
F.3d 26, 29 (1st Cir. 2002) (holding that a third party – even if
it is a beneficiary of a contract – cannot be bound by a contract
it did not sign or otherwise assent to); Abraham Zion Corp. v.
Lebow, 761 F.2d 93, 103 (2d Cir. 1985) (same).

The Court agrees with the UST that the retention agreements
in this case are not contractual exceptions to the American Rule.
Here, there is not a contract between two parties providing that
each will be responsible for the other's legal fees if it loses a
dispute between them.  Rather, here there is a contract between
two parties (the Committee and Committee Counsel) that in the
event Committee Counsel win a challenge to their fees, a third
party (the estate) will pay their defense costs even if the
estate is not the party who objected.  As the UST notes, this is
not the typical contract modifying the American Rule.

Nor can this contract bind the estate, which is not a party
to it.  Motorsport Eng'g, 316 F.3d at 29; Abraham Zion Corp., 761

F.2d at 103.  The fact that it was negotiated between sophisticated parties (the Committee and Committee Counsel) is beside the point; it seeks to bind a non-party to that agreement.

Finally, it is clear that retention agreements in bankruptcy are not simply contractual matters.  It is the obligation of the Bankruptcy Court to approve the terms of employment of professionals, in accordance with the provisions of the Bankruptcy Code, regardless of the terms articulated in the employment contract.  Therefore, if the Court finds that a contract that the Debtor or the Committee negotiated is impermissible, the Court may not approve it or may modify it. See, e.g., Fed. Mogul-Global, 348 F.3d at 397-98 (holding that bankruptcy court could approve professional's employment on terms and conditions different from those proposed by the committee that the court found were necessary to satisfy the requirement of reasonableness under section 328(a)); United Artists, 315 F.3d at 234 (affirming approval of indemnification agreement in financial advisors' retention application but with two modifications required by the Court).

Therefore, the Court concludes that the retention agreements are not contractual exceptions to the American Rule.  Even if they were, however, the Court must still determine if they are permissible under the Bankruptcy Code.

12

C.   Scope of Section 328(a)

The UST argues that even if ASARCO did not directly preclude approval of the fee defense provisions, they cannot be approved under section 328 because they do not fit the scope of that section.  It argues that the provisions are not "reasonable terms and conditions of employment" of a committee professional employed under section 1103.  11 U.S.C. § 328(a).  The UST contends that all such terms of employment must actually relate to the services to be rendered by the professionals, i.e., the representation of the Committee and its interests.  It argues that defending their own fees is not a service performed by Committee Counsel for the Committee but instead are services they are performing only for themselves.  ASARCO, 135 S. Ct. at 2165 ("The term 'services' ordinarily refers to 'labor performed for another.' . . .  Time spent litigating a fee application against the administrator of a bankruptcy estate cannot be fairly described as 'labor performed for' - let alone 'disinterested service to' - that administrator.").

The Court agrees with the UST.  The fee defense provisions are not reasonable terms for the employment of Committee Counsel because they do not involve any services for the Committee.  Rather, they are for services performed by Committee Counsel only for their own interests.

The Committee argues nonetheless that "[c]ourts generally hold that exculpation and indemnification clauses are permissible in retention agreements if the clauses are reasonable in accordance with 11 U.S.C. § 328(a)." In re Firstline Corp., No. 06-70145, 2007 WL 269086, at *2 (Bankr. M.D. Ga. Jan. 25, 2007) (citing United Artists, 315 F.3d at 230). See also, In re DEC Int'l, Inc., 282 B.R. 423, 424 (W.D. Wis. 2002) (rejecting UST's argument that indemnification provisions are per se invalid as against public policy); In re Potter, 377 B.R. 305, 308 (Bankr. D.N.M. 2007) (approving provision allowing fees for defending fees from objection by third party because similar provision had been approved in another attorney's retention application); In re Joan & David Halpern, Inc., 248 B.R. 43, 47 (Bankr. S.D.N.Y. 2000) (allowing provision as reasonable in that case because state trust and corporate law allows indemnification of fiduciaries).

There are, of course, cases which disagree with this general proposition. See, e.g., In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 27 (Bankr. S.D.N.Y. 1991) (stating that indemnification provisions for investment bankers are inappropriate); In re Mortgage & Realty Trust, 123 B.R. 626, 630-31 (Bankr. C.D. Cal. 1991) (disallowing any indemnity provision as inconsistent with professionalism); In re Allegheny Int'l, Inc., 100 B.R. 244, 247 (Bankr. W.D. Pa. 1989) (disallowing

indemnification for ordinary negligence in financial advisor's
retention because "holding a fiduciary harmless for ordinary
negligence is shockingly inconsistent with the strict standard of
conduct for fiduciaries.").

The Third Circuit, however, has held that indemnification
provisions sought by professionals may be approved as reasonable
under section 328(a), but with limits.  United Artists, 315 F.3d
at 230 ("Our approach is 'market driven,' not 'market-
determined,' especially in the realm of bankruptcy, where courts
play a special supervisory role.  With the understanding and
limitations set out below, we believe [the financial advisor's]
indemnification agreement to be reasonable and therefore
permissible under § 328.").

That case though predated the ASARCO decision and did not
address whether section 328(a) is an explicit statutory
exception, or whether a retention agreement approved under that
section is a contractual exception, to the American Rule.  In
addition, it dealt with indemnification of financial advisors,
which were typically provided similar protections outside
bankruptcy.  Id. at 229.

In this case, the Court asked the parties to provide
evidence that similar indemnification provisions are normally
provided to counsel in non-bankruptcy contexts.  (Tr. 8/11/2015
at 21:1-24, 48:15-24.)  In its Supplemental Brief, the Committee

15

again cited to numerous bankruptcy cases where indemnification
provisions and fees for successfully defending fees have been
approved.  (D.I. 393 at 3-5.)  The Committee also noted that the
UST guidelines permit award of such fees if it is judicially
allowed in the district.

The citation to the UST guidelines is not compelling.  The
UST guidelines generally state that the UST <u>will</u> <u>object</u> to
requests for fees defending fee applications.[4]

The cases cited by the Committee are not persuasive because
they all predate <u>ASARCO</u> and most involve cases granting fees in
bankruptcy cases for defending fee applications with little

---

[4]  Section B(2)(g) of Appendix B - Guidelines for Reviewing
Applications for Compensation and Reimbursement of Expenses Filed
under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases
provides:
> <u>Contesting or litigating fee objections</u>.  Whether the
> fee application seeks compensation for time spent
> explaining or defending monthly invoices or fee
> applications that would normally not be compensable
> outside of bankruptcy.  <u>Most are not compensable</u>
> <u>because professionals typically do not charge clients</u>
> <u>for time spent explaining or defending a bill.  The</u>
> <u>USTP's position is that awarding compensation for</u>
> <u>matters related to a fee application after its initial</u>
> <u>preparation is generally inappropriate, unless those</u>
> <u>activities fall within a judicial exception applicable</u>
> <u>within the district</u> (such as litigating an objection to
> the application where the applicant substantially
> prevails).  Thus, the United States Trustee may object
> to time spent explaining the fees, negotiating
> objections, and litigating contested fee matters that
> are properly characterized as work that is for the
> benefit of the professional and not the estate.

(emphasis added).

analysis of why such services benefitted the estate or counsel's client.[5]  (D.I. 393 at 3-5.)

The Committee argues nonetheless that fee defense provisions are common in the non-bankruptcy market and are, therefore, reasonable terms of compensation under section 328.  Though that is not dispositive, the Third Circuit found that "some reference to the market is not out of place when considering whether terms of retention are 'reasonable' in the bankruptcy context." United Artists, 315 F.3d at 229 (citing In re Busy Beaver Bldg. Ctrs., Inc., 19 F.3d 833, 852 (3d Cir. 1994)).  In support of its market argument, the Committee cites decisions in eleven states, including Delaware, where courts or state bar disciplinary authorities have held that similar indemnification provisions are permissible and do not run afoul of the Model Rules of Professional Conduct.  (D.I. 393 at 8-9.)

The UST responds that this market-driven approach was expressly rejected by the Supreme Court in ASARCO and is no longer valid:

> [W]e find this policy argument [to follow the market approach, made by the UST] unconvincing.  In our legal system, no attorneys, regardless of whether they practice in bankruptcy, are entitled to receive fees for fee-defense litigation absent express statutory authorization.  Requiring bankruptcy attorneys to pay for the defense of their fees thus will not result in

---

[5]   The Committee also cites two bare orders.  The Court does not consider bare orders persuasive authority, because it is usually not clear from the order whether the court considered the issue or what its reasoning was if it did.

17

any disparity between bankruptcy and nonbankruptcy lawyers.

ASARCO, 135 S. Ct. at 2168.  Therefore, the UST contends that this Court is bound to follow the Supreme Court's holding on this point (even if it is dicta) and may not rely on a market-determined approach as a basis for allowing Committee Counsel to get fee defense costs and fees.  See, e.g., Cuevas v. U.S., 778 F.3d 267, 272-73 (1st Cir. 2015) ("federal appellate courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when, as here, a dictum is of recent vintage and not enfeebled by any subsequent statement.") (quoting McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 19 (1st Cir. 1991).  Accord In re McDonald, 205 F.3d 606, 612-13 (3d Cir. 2000) ("But even if the discussion of § 506(a) could be accurately characterized as dictum — and we think it cannot be — we should not idly ignore considered statements the Supreme Court makes in dicta.  The Supreme Court uses dicta to help control and influence the many issues it cannot decide because of its limited docket.").

The Committee counters that the ASARCO decision dealt with section 330 and that the market approach is a valid test of reasonableness under section 328.  United Artists, 315 F.3d at 230.

The UST responds that in determining reasonableness under section 328, the Third Circuit has stated that courts should

18

consider the same factors as those under section 330.  See, e.g.,
Fed. Mogul-Global, 348 F.3d at 407-08 ("It is well established
that '[i]dentical words used in different parts of the same act
are intended to have the same meaning.' . . .  Though we need not
decide whether Congress intended to limit Bankruptcy Courts to
considering only the Section 330(a)(1) factors when determining
the reasonableness of a requested fee structure under Section
328(a), we believe that the Section 330(a)(1) factors may be
taken into account in asking whether a fee request is
reasonable.") (citations omitted).  Therefore, the UST contends
that the Supreme Court's ruling in ASARCO precludes the Court's
consideration of the market in determining the reasonableness of
the indemnification agreements.

     The Court agrees with the UST.  The cases that considered
market factors relevant to the question of whether defense fees
can be recovered all pre-dated the ASARCO decision which
expressly rejected the consideration of such factors in
determining that issue.  Therefore, the Court concludes that
ASARCO prevents the Court from concluding that section 328
permits defense fees even if they were routinely allowed by the
market in bankruptcy or non-bankruptcy contexts prior to that
ruling.

D.    Expenses under Section 328(a)

The Committee also argues that, even though section 328(a) does not contain an express exception to the American Rule, it nonetheless permits the approval of the fee defense provision as reasonable expenses of serving as counsel for the Committee.  It cites cases allowing as expenses, attorneys' fees incurred by estate professionals for both retention and defense of fees under section 328(a) as reasonable.  See, e.g., In re Borders Grp., Inc., 456 B.R. 195, 213 (Bankr. S.D.N.Y. 2011) ("Retained professionals that retain outside counsel only to represent the professional in connection with retention or preparation of fee applications may be reimbursed for reasonable expenses of such counsel when the engagement agreement and retention order provide for such expense reimbursement."); Geneva Steel Co., 258 B.R. 799, 803 (Bankr. D. Utah 2001) (holding that the reimbursement of reasonable fees and expenses incurred by advisor's law firm is allowable because the advisor's retention agreement required the debtor to indemnify the advisor for all reasonable expenses including fees, expenses, and disbursements of counsel).  The Committee argues that this case is distinguishable from ASARCO because in that case there was not an agreement in advance under section 328(a) to pay the expenses associated with defense of counsel's fees.

20

The Court finds this argument unavailing.  Again, the cases all pre-date ASARCO.  Further, there is no difference in the analysis between approving the defense costs as fees (because the retained professional defends its own fees) or as expenses (because the retained professional hires outside counsel to represent it).  Both are subject to the American Rule and to the Supreme Court's ruling in ASARCO.  (The Supreme Court in ASARCO dealt with section 330(a)(1) which governs both fees and expenses.)  Nor is there any suggestion in ASARCO that the Court's ruling would have been different if there had been an agreement in advance under section 328(a).

Further, as noted above, section 328(a) permits only approval of fees or expenses for performing services for the Committee.  In this case, the expenses sought would be for services performed for the professionals, not for the Committee.  Therefore, the Court concludes that the fee defense provision is not a reasonable term of employment for serving as Committee Counsel.

IV.    <u>CONCLUSION</u>

For all the foregoing reasons, the Court will deny the request for approval of the fee defense provision in the retention applications of Committee Counsel.[6]

An appropriate Order is attached.


Dated: January 29, 2016            BY THE COURT:

                                   *Mary F. Walrath*

                                   Mary F. Walrath
                                   United States Bankruptcy Judge

---

[6]    The Court would reach the same conclusion if the fee defense provisions were in a retention agreement filed by any professional under section 328(a) - including one retained by the debtor.  Such provisions are not statutory or contractual exceptions to the American Rule and are not reasonable terms of employment of professionals.